UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAPPITOGZ, INC., Individually, and d/b/a JOLIE'S | CIVIL ACTION |
| VERSUS | NO. 06-4869 |
| ALEA LONDON, LTD. and CATLIN INSURANCE CO., LTD. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion for partial summary judgment. For the reasons that follow, the motion is DENIED.

Background

Happitogz, Inc. is incorporated in Delaware and has its principal place of business on Third Street in Gretna, Louisiana. Happitogz also does business as Jolie's, a furniture and dress shop, in another location in Gretna. Happitogz purchased insurance policies from Alea London, Ltd. and Catlin Insurance Company, Ltd. to insure both its Third Street building and Jolie's. During Hurricane Katrina, both buildings were damaged. Happitogz

1

disagreed with their adjuster's estimates of damage and filed suit to recover under the policies.[1]

A portion of the claim that Happitogz asserted included losses of business personal property at Jolie's.  These losses included 4 batik scarves, 75 dresses, various pictures and frames, a curved-glass curio cabinet, desks, a computer, and area rugs and runners.  They submitted a claim for these items in the amount of $20,126.  Happitogz now moves for partial summary judgment to recover $19,846 as a matter of law, stating that the plain language of the policy allows them to recover damages for these items.[2]  The defendants do not contest that the policy covers losses to business personal property, but argue that material issues of fact exist concerning the value of the items, the location of the items on the date of the hurricane, and the cause of damage to the items.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if

---

[1] The parties do not dispute the validity of the policies or the fact that the policies covered the types of losses that Happitogz claims.

[2] The total amount of the claim for business personal property was $20,126.  The defendants have paid $280 under the policy for damage to contents at Jolie's.

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

Happitogz claims that it sent the itemized claim for business personal property to their adjuster twice, on June 15, 2006 and on August 17, 2006. On September 12, 2006, the adjuster acknowledged receipt of the list, and requested additional information:

> "We received your list of damaged contents from Jolie's totaling $20,126.00. Since we were only shown a chair and two desks at our initial inspection, we will need to insect [sic] the other items you have listed. Also, please provide any estimates you have showing the items are not cleanable or repairable. In addition please send us any invoices you have showing what you paid for the damaged items. Your policy reimburses you for your cost, not the selling price."

To date, Happitogz has failed to provide any of the proof of loss requested by the defendants that would allow them to adjust and pay the claim under the policy. Instead, Happitogz relies on an affidavit of the owner of Jolie's who merely restates the value of the items as claimed without providing any receipts or other evidence that would support Happitogz's claim regarding the items' value. Unsupported assertions are insufficient to prove the plaintiff's position, either at a trial on the merits or for summary relief. See Prytania Park Hotel, Ltd. v. General Star Indemnity Co., 179 F.3d 169 (5th Cir. 1999).

Because material issues of fact obviously exist as to the value of the items claimed and the amount owed under the policy for losses to business personal property, the plaintiff's motion for

partial summary judgment is DENIED.

                                New Orleans, Louisiana, February 21, 2007.

                                _____
                                    MARTIN L. C. FELDMAN
                                UNITED STATES DISTRICT JUDGE